### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW HAMPSHIRE

Mark A. Kerner,
        Petitioner

        v.                                Case No. 13-cv-132-SM
                                          Opinion No. 2013 DNH 100
Edward Reilly, Warden,
Northern New Hampshire
Correctional Facility; and
William L. Wrenn, Commissioner,
New Hampshire Department of
Corrections,
        Respondents


### O R D E R


        Before the court are petitioner Mark A. Kerner's petition

for a writ of habeas corpus (doc. no. 3); Kerner's motion to stay

the statute of limitations applicable to the petition, which the

clerk docketed as part of the petition (doc. no. 1); and Kerner's

motion for appointment of counsel (doc. no. 5).  The matter is

here for preliminary review to determine whether the claims

raised in the petition are facially valid and may proceed.  See

Rule 4 of the Rules Governing Section 2254 cases in the United

States District Courts ("§ 2254 Rules").


### Background

        On June 24, 2009, a jury in the New Hampshire Superior Court

at Hillsborough County, Southern District, convicted Kerner of

five felony and two misdemeanor sexual offenses.  On September

21, 2009, Kerner was sentenced to a lengthy prison term.  Kerner

filed a direct appeal of his conviction in the New Hampshire

Supreme Court ("NHSC").  The NHSC denied that appeal on September

24, 2010.  See State v. Kerner, No. 2009-0709 (N.H. Sept. 24,

2010).  Kerner next filed a motion for original jurisdiction in

the NHSC, and the NHSC denied that motion on March 10, 2011.

Kerner then filed a state court habeas petition in the New

Hampshire Superior Court at Coos County ("CCSC"), which the CCSC

denied, without a hearing, on April 6, 2012.  Kerner did not

appeal that denial to the NHSC.  Kerner filed another motion for

original jurisdiction, seeking plain-error review of the CCSC

decision, in the NHSC on August 20, 2012.  The NHSC denied the

motion on October 12, 2012.


## Claims

Kerner's § 2254 petition asserts that his conviction, and

therefore his incarceration, are constitutionally infirm.

Specifically, Kerner asserts that:

1.  Kerner's trial counsel violated his Sixth and
    Fourteenth Amendment rights to the effective
    assistance of counsel by:

    a.  failing to complete a full investigation
        prior to trial;

    b.  failing to call an expert witness at trial to
        testify or provide information to assist the
        defense in challenging the victim's
        credibility at trial;

c.   failing to question two potential alibi
     witnesses;

d.   failing to subpoena at least two potential
     witnesses to testify at trial;

e.   failing to discuss with Kerner why certain
     witnesses were not subpoenaed to testify at
     trial;

f.   failing to keep Kerner adequately informed of
     "which way the case was heading" during
     trial;

g.   failing to meet with Kerner enough prior to
     trial;

h.   failing to review important in camera
     documents;

i.   failing to spend sufficient time working on
     Kerner's case;

j.   failing to share exculpatory "Brady" evidence
     with Kerner;

k.   failing to present all exculpatory "Brady"
     evidence to the jury;

l.   failing to impeach key witnesses with prior
     inconsistent statements;

m.   failing to provide an alternative or
     secondary defense at trial;

n.   failing to discuss the need for an
     alternative or secondary defense with Kerner;

o.   failing to adequately explain to Kerner the
     potential risks and benefits of testifying in
     his own defense at trial;

p.   failing to have Kerner's waiver of his right
     to testify made in the presence of the trial
     judge;

q.   utilizing a litigation strategy and defense
     theory other than that proposed by Kerner;

r.   failing to gain an acquittal for Kerner where the state's case was weak;

s.   failing to request individual voir dire of all of the jurors who may have been tainted by a juror who was suspected of improperly communicating with his wife during trial;

t.   failing to request a mistrial when the jury deadlocked;

u.   acceding, without consulting Kerner, to an instruction to the deadlocked jury to continue to deliberate;

v.   failing to contemporaneously object to a faulty "deadlocked jury" instruction, resulting in the failure to preserve the issue for appeal; and

w.   failing to present inaccuracies in the pre-sentence investigation report to the court prior to sentencing.

2.   Kerner's appellate counsel violated his Sixth and Fourteenth Amendment rights to the effective assistance of counsel by raising only one unpreserved issue on appeal, and failing to present other, preserved, issues on appeal.

3.   The trial court violated Kerner's Sixth and Fourteenth Amendment rights to due process and a fair and impartial jury by:

a.   Denying Kerner's pretrial motion to have the prosecutor personally review the state law enforcement witnesses' personnel files to discover any exculpatory evidence therein;

b.   not allowing Kerner to use exculpatory "Brady" evidence to impeach the state's witnesses at trial;

c.   failing to disqualify a juror suspected of improperly communicating with his wife during trial;

d.   failing to voir dire the other jurors or to question the wife of the juror suspected of

unauthorized communication to ascertain
whether the alleged unauthorized
communication biased the other jurors;

e.   failing to declare a mistrial, or to dismiss
and replace, with an alternate, a juror
suspected of unauthorized communication with
his wife during trial, and allowing the
suspect juror to deliberate;

f.   giving the jury a coercive "deadlocked jury"
instruction;

g.   denying Kerner's motion to dismiss after the
state presented a case the court described as
"weak" and "thin;" and

h.   failing to appoint competent counsel to
effectively represent Kerner.

4.   The prosecutor violated Kerner's Fourteenth
Amendment right to due process by:

a.   appealing to the jurors' emotions by telling
them that the day of the trial was the day of
the victim's birthday; and

b.   eliciting and failing to correct statements
made by state witnesses that were
inconsistent with their prior statements.

5.   The CCSC's denial of Kerner's state habeas
petition without a hearing violated Kerner's First
Amendment right to access the court to petition
for a redress of grievances, and Fourteenth
Amendment due process rights.


**Discussion**

I.   <u>§ 2254 Rule 4 Preliminary Review</u>

A.   <u>Standard</u>

Pursuant to § 2254 Rule 4, a judge is required to promptly

examine any petition for habeas relief, and if "it plainly

appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).  The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status.  "[A]s a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

    B.   Exhaustion

    To be eligible for relief in a § 2254 petition, Kerner must show that he has exhausted the remedies available to him in the state courts on his federal habeas claims, or that state corrective processes are unavailable or ineffective to protect his rights.  See 28 U.S.C. § 2254(b)(1).  "[A] petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas

6

case." <u>Coningford v. Rhode Island</u>, 640 F.3d 478, 482 (1st Cir.),

<u>cert. denied</u>, 132 S. Ct. 426 (2011).

> A claim for habeas corpus relief has been exhausted
> where the claim has been fairly presented to the state
> courts.  Fair presentation means that the petitioner
> must show that he tendered his federal claim in such a
> way as to make it probable that a reasonable jurist
> would have been alerted to the existence of the federal
> question.

<u>Dutil</u>, 550 F.3d at 158 (citations and quotation marks omitted).

A petitioner's remedies in New Hampshire are exhausted when the

NHSC has had an opportunity to rule on the federal claims.  <u>See</u>

<u>id</u>.


A "mixed" petition, one that contains both exhausted and

unexhausted claims, is subject to dismissal for lack of complete

exhaustion.  <u>See</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 233 (2004).  To

avoid dismissal of a mixed petition, a petitioner may move to

amend her or his § 2254 petition to omit the unexhausted claims,

and proceed only on the exhausted claims.  Such a petitioner,

however, will likely lose the chance to seek federal habeas

relief on any foregone claims, due to the habeas statute's

prohibition of second or successive petitions in 28 U.S.C.

§ 2244(b).


The brief Kerner filed in his direct appeal demonstrates

that he exhausted his state court remedies on only one of the

claims asserted in his petition, namely, Claim 3(f) above, regarding the coercive jury instruction. See Brief for Defendant at 12, State v. Kerner, (N.H. March 9, 2009) (No. 2009-0709). Nothing in the record presently before the court indicates that any of the other federal claims asserted in this petition have been presented to the NHSC for consideration. Accordingly, the petition in this matter is "mixed," as it includes an exhausted claim along with a number of unexhausted claims.

So long as the petition in this action includes unexhausted claims, it is subject to dismissal. See Rhines v. Weber, 544 U.S. 269, 277 (2005). To avoid dismissal, the petitioner may request that this action be stayed to allow him to return to the state courts to exhaust his unexhausted federal constitutional claims, if he can show good cause for failing to exhaust state remedies previously. See id. at 278. In the alternative, the petitioner may elect to forego his presently unexhausted claims, and proceed only on his exhausted claims, although in doing so, he will likely be unable to raise the foregone claims in a habeas action in the future due to the bar on second or successive petitions contained in 28 U.S.C. § 2244(a).

II.  Motion for Assistance of Counsel (doc. no. 5)

Kerner has filed a motion seeking court-appointed counsel to represent him in this matter and in the state courts. "'[T]here

8

is no constitutional right to representation by counsel in habeas corpus proceedings,' and [the Criminal Justice Act, 18 U.S.C.] § 3006A(a)(2) only requires appointment of counsel for a financially eligible person if 'the interests of justice so require.'" United States v. Yousef, 395 F.3d 76, 77 (2d Cir. 2005) (per curiam) (citation omitted); cf. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (district court has discretion to deny motion to appoint counsel filed by indigent civil litigant unless counsel's appointment is necessary to avoid fundamental unfairness). The rules governing federal habeas proceedings do not require counsel's appointment, unless an evidentiary hearing is warranted. See Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

Kerner cites his lack of knowledge of the law, his reliance on other inmates for legal assistance, and the fact that he has previously filed faulty pleadings in the state courts as reasons for granting the motion. Kerner's situation, however, presents no exceptional circumstances warranting an appointment of counsel. He has demonstrated an ability to clearly present his claims in the documents he has filed in this court. No evidentiary hearing has been scheduled. The interests of justice do not require appointment of counsel to assist Kerner at this time.

III.   <u>Motion to Stay Statute of Limitations (doc. no. 1)</u>

Kerner has filed a motion seeking to stay the statute of limitations applicable to his claims (doc. no. 1), which was docketed as part of the petition in this action.  Construed as a motion seeking to file the § 2254 petition out-of-time, the court notes that the record before this court is presently insufficient to allow the court to determine whether Kerner's petition is time-barred.  The motion is therefore premature.  Construed as a motion to stay the petition to allow Kerner to exhaust each of his claims, the motion — in asserting that Kerner did not previously realize that he had not exhausted all of his remedies — fails to show good cause for Kerner's failure to exhaust the remedies on each claim asserted in the § 2254 petition.  The motion fails to provide this court with any reason for Kerner's prior mistaken beliefs about whether his claims were exhausted. Kerner's motion to stay the statute of limitations (doc. no. 1) is therefore denied without prejudice to Kerner refiling a motion to stay the petition, if he can show good cause for his previous failure to exhaust all of his federal constitutional claims.


**Conclusion**

For the foregoing reasons, the Court directs as follows:

1.    Within thirty days of the date of this order, Kerner must file either:

      a.    A motion to stay the § 2254 petition, so that Kerner may return to the state courts to exhaust his remedies on each unexhausted claim in the petition (Claims 1(a)-1(w), 2, 3(a)-3(e), 3(g)-3(h), 4(a)-4(b), and 5, as numbered above), showing good cause for Kerner's prior failure to exhaust state court remedies as to such claims; or

      b.    A motion to amend the § 2254 petition, seeking to forego every unexhausted claim (Claims 1(a)-1(w), 2, 3(a)-3(e), 3(g)-3(h), 4(a)-4(b), and 5, above), acknowledging that in doing so, Kerner would lose the opportunity to seek federal habeas relief on any claim in the petition other than Claim 3(f).

2.    Should Kerner fail to amend his petition as directed, or otherwise fail to comply with this order, the court may dismiss the petition without prejudice for failure to demonstrate exhaustion.  See 28 U.S.C. § 2254(b).

3.    The motion to stay the statute of limitations (doc. no. 1) is denied without prejudice to Kerner refiling a motion seeking to stay the petition, in accordance with this order.

4.    The motion for assistance of counsel (doc. no. 5) is denied without prejudice to Kerner refiling the motion if an evidentiary hearing is scheduled, or if he otherwise shows that the interests of justice and/or fundamental fairness warrant the appointment of counsel.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 19, 2013

cc:  Mark A. Kerner, pro se

11