UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Mark A. Kerner**

    **v.**                                     Civil No. 13-cv-132-SM

**Warden, Northern New Hampshire**
**Correctional Facility**

## REPORT AND RECOMMENDATION

Mark Kerner, proceeding pro se, has filed a Petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,[1] alleging that his state court criminal conviction and sentence violate his federal constitutional rights. Before the court is respondent's motion to dismiss (doc. no. 29) the Petition as untimely. Kerner objects (doc. no. 34).

### Background

On June 24, 2009, Kerner was convicted of five felony and two misdemeanor sexual offenses in the New Hampshire Superior Court, sitting at Hillsborough County, Southern District

---

[1]The petition in this matter is construed, for all purposes, to contain the factual assertions and arguments contained in the filings docketed as Document Nos. 1, 3, 16-18, 21, 22, 26, 37, and 39-42 (collectively, the "Petition").

("HCSC").  On September 21, 2009, Kerner was sentenced to a
lengthy prison term.

Kerner filed a direct appeal of his conviction in the New
Hampshire Supreme Court ("NHSC") asserting one claim alleging
that the "deadlocked jury" instruction given to the jury in his
case was coercive.  The NHSC affirmed Kerner's conviction on
September 24, 2010.  See State v. Kerner, No. 2009-0709 (N.H.
Sept. 24, 2010).  Kerner next filed a petition for original
jurisdiction in the NHSC in 2011, which the NHSC denied on March
10, 2011.  See In re Kerner, No. 2011-0047 (N.H. Mar. 10, 2011).
Kerner's September 2011 filing of a state court habeas petition
in New Hampshire Superior Court, in Coös County was denied,
without a hearing, on April 6, 2012.  See Kerner v. Kench, No.
214-2011-CV-00203 (N.H. Super. Ct., Coös Cnty. Apr. 6, 2012),
and the NHSC declined to accept Kerner's discretionary appeal of
that order in June 2012.  See Kerner v. Acting Warden, No. 2012-
273 (N.H. June 20, 2012).  Kerner's subsequent litigation of
matters in the NHSC was similarly unsuccessful.  See In re
Kerner, No. 2012-0591 (N.H. Oct. 12, 2012) (denying petition for
original jurisdiction); see also Kerner v. Acting Warden, No.

2

2013-0835 (N.H. Jan. 7, 2014) (dismissing discretionary appeal as untimely, and denying motion for late entry of appeal).

Respondent has moved to dismiss the Petition in this matter on the grounds that it is time-barred.  See Mot. Dism. (doc. no. 29).  Kerner has objected, contending that he is entitled to equitable tolling of the limitations period.  See Mot. Object (doc. no. 34).

## Discussion

### I.   Motion to Dismiss Standard

Respondent's motion is governed by Federal Rule of Civil Procedure 12(b)(6).  See Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009).  In ruling on such a motion, the court accepts all facts pleaded by the petitioner to be true, id., and can consider "matters of public record, and other matters susceptible to judicial notice," Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014), as well as "'matters incorporated by reference or integral to the claim, . . . items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned,' without converting the motion into one for summary judgment." Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 (8th

3

Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller,
Federal Practice and Procedure § 1357 (3d ed. 2004)).  Where
such information shows "that the limitations period has been
exceeded," and does not "sketch a factual predicate that would
warrant the application of either a different statute of
limitations period or equitable estoppel, dismissal is
appropriate." Santana-Castro v. Toledo-Dávila, 579 F.3d 109,
114 (1st Cir. 2009) (internal quotation marks and citation
omitted).

## II.  <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") sets a one-year limitations period for state prisoners
to file federal habeas petitions.  See § 2244(d)(1); McQuiggin
v. Perkins, 133 S. Ct. 1924, 1929 (2013); Herbert v. Dickhaut,
695 F.3d 105, 108 (1st Cir. 2012).  AEDPA's one-year time limit
runs from the date that the state court judgment of conviction
becomes final by the conclusion of direct review or by the
expiration of the time for seeking direct review.  §
2244(d)(1)(A); McQuiggin, 133 S.Ct. at 1929; Herbert, 695 F.3d.
at 108.  AEDPA excludes from the one-year limitations period the
"time during which a properly filed application for State post-

4

conviction or other collateral review with respect to the

pertinent judgment or claim is pending." § 2244(d)(2); see also

Wood v. Milyard, 132 S. Ct. 1826, 1831 (2012); Drew v.

McEachern, 620 F.3d 16, 20 (1st Cir. 2010).

Respondent argues in its motion to dismiss, and Kerner

concedes, that he filed his petition for habeas relief beyond

the one-year deadline established by § 2244(d)(1).  See Mot.

Object (doc. no. 34, 1).  Upon conducting a review of the

record, the court finds as follows:

- o Kerner's direct appeal was denied on September 24,
  2010.  Kerner did not file a petition for a writ of
  habeas corpus in the United States Supreme Court, and
  therefore the statute of limitations began to run in
  this case on December 23, 2010.

- o On January 18, 2011, Kerner filed a petition for
  original jurisdiction in the NHSC, which was denied on
  March 10, 2011.

- o Kerner next filed a state habeas petition in the CCSC
  which that court denied on April 6, 2012.  Kerner had
  until May 9, 2012, to file an appeal of that decision.

- o Kerner did not file anything in the NHSC until August
  20, 2012, when he again filed a petition for original
  jurisdiction, which was denied on October 12, 2012.

The court, reading the procedural history of this case as

generously to Kerner's interests as the record allows, finds

that the statute of limitations in this case expired no later

than November 24, 2012.  Kerner did not file this action until
March 21, 2013, almost four months post that deadline.
Accordingly, the court agrees that the Petition was untimely
when it was filed in this court.  Therefore, absent entitlement
to equitable tolling, or other exception to the statute of
limitations, the Petition should be dismissed.

### III.  **Equitable Tolling**

####       A.   Medical Issue

     Kerner argues that he is entitled to equitable tolling of
the statute of limitations in this matter.  He asserts that
during the limitations period he was suffering from an
incapacitating illness, in the form of a possible cancerous
growth on his prostate.  Mot. Object (doc. no. 34, 2-3).

     The one-year statute of limitations in AEDPA is subject to
equitable tolling.  See Holland v. Florida, 560 U.S. 631, 645
(2010).  Equitable tolling "is limited to rare and exceptional
cases" where the petitioner demonstrates: "'(1) that he has been
pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way and prevented timely filing.'"
Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012) (quoting
Holland, 560 U.S. at 659).  Kerner has the burden of proving

circumstances that justify the application of the equitable tolling doctrine.  See Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010).

"To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances.  He must further demonstrate that those circumstances caused him to miss the original filing deadline." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011).  "Medical problems alone are not enough to justify equitable tolling." Hanson v. Haines, No. 13-CV-0896, 2014 U.S. Dist. LEXIS 135371, at *7 (E.D. Wis. Sept. 25, 2014) (citing Johnson v. Chandler, 224 F. App'x 515, 519 (7th Cir. 2007)); see also Lang v. Alabama, 179 F. App'x 650, 652 (11th Cir. 2006) (petitioner's health problems during his habeas limitations period, including: being unable to sit or stand for more than thirty minutes due to painful hemorrhoids; anal cancer; a ten-week course of chemotherapy accompanied by fatigue, dizziness, and nausea; significant intermittent chest pain; triple coronary bypass surgery; and a six-day hospitalization, were insufficiently debilitating to constitute "extraordinary circumstances" justifying equitable tolling where petitioner failed to show that his medical issues "prevented him

from taking some action to pursue the timely filing of his
§ 2254 petition"); Rouse v. Lee, 339 F.3d 238, 248 (7th Cir.
2003) (equitable tolling not warranted where habeas petitioner
provided no reason why his medical condition barred him from
timely filing his petition).

　　Kerner submits a medical record containing entries for
September 19, 2012 and October 30, 2012, to demonstrate that his
medical condition coincided with part of the limitations period,
which, as explained below, expired on November 24, 2012.  See
Mot. Object, Ex. D (doc. no. 34-4).  According to the submitted
medical record, Kerner was seen by a urologist on September 18,
2012, and a cystoscopy was recommended.  The October 30, 2012,
entry appears to be the post-cystoscopy findings and
recommendations for treatment.  Nothing in the record indicates
that Kerner experienced any related physical or mental
limitations, or that Kerner's attending physician imposed any
restrictions on Kerner's activity.  The NHSC denied Kerner
relief on October 12, 2012.  Other than Kerner's general
allegation that his cancer scare rendered him unable to file
this action before November 24, 2012, when the limitations
period expired, or at any other time prior to the March 21,

8

2013, filing of this action, nothing in the record demonstrates that Kerner had a medical condition that prevented him from timely filing this action.  Kerner has failed to meet his burden to demonstrate extraordinary circumstances to justify equitable tolling of the statute of limitations in this matter, and the court finds that the limitations period should not be tolled.

      B.   September 6, 2013, Order (Doc. No. 8)

      On July 19, 2013, the court issued an Order (doc. no. 6) construing Kerner's initial filing (doc. no. 1) in this matter as a motion to stay the action to allow him to exhaust his claims in the state courts.  The court, in its Order, specifically denied the motion (doc. no. 1) to the extent that it could be construed as a request to allow Kerner to file his habeas petition out-of-time, specifically finding that "the record before the court is presently insufficient to allow the court to determine whether Kerner's petition is time-barred." See Order (doc. no. 6, at 10).

      On September 6, 2013, the court issued an Order (doc. no. 8), granting Kerner's second motion (doc. no. 7) to stay this action to allow him to exhaust his claims, finding that Kerner had demonstrated good cause for his failure to previously

exhaust his federal claims on the basis of his allegedly incapacitating illness.  Kerner now argues that the September 6, 2013, Order also excused his failure to file a timely federal habeas petition on the basis of his illness.  He is mistaken.

The court's finding of good cause to stay these proceedings to allow Kerner to exhaust claims in state court is not controlling on the issue of equitable tolling under AEDPA.  The standard for a stay in a habeas action pending exhaustion of unexhausted claims in the state courts "is a less stringent one than that for good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause of any delay."  Baltazar v. Brazelton, No. 1:13-cv-01538-BAM-HC, 2014 U.S. Dist. LEXIS 570, at *11-12 (E.D. Cal. Jan. 3, 2014).  Thus, the September 6, 2013, Order (doc. no. 8) allowing a stay in this matter does not aid Kerner in his efforts to have the limitations period in this matter equitably tolled.  Accordingly, the untimely filing of his habeas petition in this court should not be excused.

**IV.  Actual Innocence**

Having failed to demonstrate that he is entitled to equitable tolling, the only remaining basis upon which Kerner

might avoid the limitations bar is through the miscarriage of justice exception to the statute of limitations, based on a credible showing of actual innocence.  See McQuiggin, 133 S. Ct. at 1933.  The exception is applicable only in "rare" and "extraordinary" cases, Schlup v. Delo, 513 U.S. 298, 321 (1998) (internal quotation marks omitted), that occur in "a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner."  McQuiggin, 133 S. Ct. at 1927 (internal quotation marks and citation omitted).

The "actual innocence" doctrine provides a habeas petitioner with a "gateway" through his otherwise time-barred constitutional claims may be considered on their merits.  See Barreto-Barreto v. United States, 551 F.3d 95, 102 (1st Cir. 2008).  "The gateway should open only when a petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  McQuiggin, 133 S. Ct. at 1936 (quoting Schlup, 513 U.S. at 316).  "Actual innocence" in this context, "means factual

11

innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).

Kerner claims that information and records reviewed by the trial court in camera, and provided to his attorney prior to his trial, a videotaped pretrial interview of the victim, and affidavits of witnesses who were available at the time of trial but not called to testify, demonstrate his innocence.  Much, if not all, of that "evidence" was in the possession of, or at least available to, Kerner's attorney prior to trial.  To the extent that Kerner complains of his attorney's failure to use certain evidence at trial, his arguments "invite speculation about what might have happened had his attorney called certain witnesses or pursued different lines of cross-examination," but do not make "a showing of actual innocence supported by 'new reliable evidence . . . that was not presented at trial.'" <u>Lee v. Corsini</u>, ___ F.3d ___, No. 14-1070, 2015 U.S. App. LEXIS 1147, *33-34 (1st Cir. Jan. 26, 2015) (quoting <u>Schlup</u>, 513 U.S. at 324).

To the extent any of the "evidence" can be considered "new," nothing in the record before the court contains any information to demonstrate that Kerner is factually innocent of

12

the offenses of which he was convicted.  At best, the
information might have supported the theory of defense presented
by Kerner's counsel at trial, or provided some means of
impeachment of the state's witnesses, but appears to be largely
cumulative of information that was in evidence at trial.
Nothing submitted by Kerner, aside from his own protestations of
innocence, demonstrates "factual innocence" of the offenses of
conviction.  The record before the court does not credibly show
that it is "more likely than not that no reasonable juror would
have convicted the petitioner," Schlup, 513 U.S. at 329, even if
the jury had been presented with all of the information
propounded by Kerner at this time.  Accordingly, Kerner has not
met his burden to demonstrate that he is actually innocent of
the offenses charged, and thus, he is not entitled to the
miscarriage of justice exception to the limitations period here.

**V.   <u>Certificate of Appealability</u>**

The Rules Governing Section 2254 Proceedings ("§ 2254
Rules") require the court to "issue or deny a certificate of
appealability when it enters a final order adverse to the
party."  § 2254 Rule 11(a).  The court will issue the
certificate "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C.
§ 2253(c)(2).  Kerner has failed to make such a showing.
Accordingly, the district judge should decline to issue a
certificate of appealability in this case.

**Conclusion**

For the foregoing reasons, the respondent's motion to
dismiss (doc. no. 29) should be granted, the Petition should be
dismissed, and the court should decline to issue a certificate
of appealability.  Any objection to this Report and
Recommendation must be filed within fourteen days of receipt of
this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file
objections within the specified time waives the right to appeal
the district court's order.  See United States v. De Jesús-
Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v.
United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 24, 2015

Cc:  Mark Kerner, pro se
     Elizabeth Woodcock, Esq.